# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

| | |
|---|---|
| FIRST COMMUNITY BANK | PLAINTIFF |
| v. | Case No. 1:16-cv-00109-KGB |
| WOOTTON NEW HOLLAND, LLC;<br>CAPITAL MACHINERY 1 CORP;<br>DEREK WOOTTON; and<br>DARRELL WOOTTON | DEFENDANTS |

## ORDER

Before the Court is a joint motion to dismiss with prejudice and incorporated memorandum in support filed by plaintiff First Community Bank and separate defendants Wootton New Holland, LLC, Derek Wootton, and Darrell Wootton (collectively "the Wootton Defendants") (Dkt. No. 27). For the following reasons, the Court grants the motion.

By way of background, on September 7, 2017, the Court issued an Order terminating Robert D. Stroud and Barrett S. Moore as counsel of record for separate defendants Wootton New Holland, LLC, ("Wootton New Holland") and Capital Machinery 1 Corp. ("Capital Machinery") (Dkt. No. 23). In the Court's Order, the Court directed Wootton New Holland and Capital Machinery to provide, within 30 days from the entry of that Order, certain information (*Id.*, at 2). Because corporations are not allowed to proceed *pro se* in this Court, *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996), the Court directed Wootton New Holland and Capital Machinery to retain counsel in this matter or risk being subject to default judgment (*Id.*). More than 30 days have passed since the entry of that Order. Based on the joint motion to dismiss, it appears that Wootton New Holland has retained counsel (Dkt. No. 27). Capital Machinery has failed to comply with the Court's Order. The stay in this matter expired by its own terms in October 2017.

First Community Bank and the Wootton Defendants submit that they have reached an agreement that resolves all claims in this matter. Their joint motion seeks dismissal with prejudice of First Community Bank's claims against all defendants in this action and seeks the dismissal with prejudice of all claims as to all parties, with each party to pay his or its own attorneys' fees and costs.

However, the parties represent that a stipulation of dismissal, under Federal Rule of Evidence 41(a)(1)(A)(ii), is not practical in this matter because Capital Machinery's counsel has withdrawn from representation. The parties assert that, because a business entity may not represent itself, Capital Machinery cannot consent to a stipulation of dismissal. *See Ackra*, 86 F.3d at 857. The parties further assert that Capital Machinery's rights will not be prejudiced by the requested dismissal because Capital Machinery has not asserted a counterclaim against First Community Bank. The parties also represent that dismissal of this matter would be to Capital Machinery's benefit.

Under Federal Rule of Civil Procedure 41(a)(2), "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." District courts have "the sound discretion" to determine whether to allow a party to dismiss a case voluntarily. *Hamm v. Rhone-Poulenc Rorer Pharm. Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants." *Thatcher v. Hanover Ins. Group, Inc.*, 659 F.3d 1212, 1214 (8th Cir. 2011) (quoting *Hamm*, 187 F.3d at 950).

For the first factor, the parties represent that First Community Bank and the Wootton Defendants have reached a compromise of all claims, which is a proper explanation for their desire to dismiss. For the second factor, the Court's time and effort will not be wasted because the parties request a dismissal with prejudice, prohibiting First Community Bank from refiling this case. The final factor is the prejudice to defendants because of the dismissal. On March 30, 2017, the Court issued an Order denying both of Capital Machinery's motions to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) (Dkt. No. 18). According to the Court's Final Scheduling Order, the parties must complete discovery no later than August 1, 2018, and this case is set for trial on the week of October 9, 2018 (Dkt. No. 26). Based on the current procedural posture of this case, defendants will not be prejudiced by dismissal. Also, Capital Machinery had 30 days to retain counsel from the Court's order relieving Mr. Stroud and Mr. Moore as counsel of record but failed to do so. Capital Machinery will not be prejudiced by the joint dismissal.

The parties have shown that these factors weigh in favor of granting the requested motion. For the above reasons, the Court grants the joint motion to dismiss with prejudice and incorporated memorandum in support (Dkt. No. 27). The action is dismissed with prejudice, with all parties to pay their own attorneys' fees and costs.

It is so ordered, this the 24th day of May, 2018.

_Kristine G. Baker_
Kristine G. Baker
United States District Judge